# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Carole-Anne Marie Penn
and Matthew Penn,
Co-Administrators
of the Estate of
Shayne Marie Penn,
deceased

v.

PHC-Martinsville, Inc.,
d/b/a Memorial Hospital
of Martinsville and Henry County,
Kimberly Matchett,
and Martinsville
Physician Practices, L.L.C.

August 10, 2015

Case No. CL15-071

BY JUDGE DAVID V. WILLIAMS

This matter has come to be heard upon the Defendant's Objection to Plaintiff's Motions for Discovery and Production of Documents. I have reviewed all the applicable pleadings, the memoranda of counsel, and the cases cited therein. I also had the opportunity to consult with the other judges of this circuit regarding the issues raised.

As counsel are aware, Rule 4:1(b)(1) provides that "parties may obtain discovery regarding any matters, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable

matter. It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Granting or denying a request for discovery is within the trial court's discretion and will be reversed only if the action taken was imprudent and affected substantial rights. *Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970).

After review, the Court is persuaded that the analysis of the court in the case of *Flinchum, Executor v. Inova Health System*, 84 Va. Cir. 530 (2012), is persuasive. Once the peer review process and deliberations are complete, the hospital's policies, procedures, and protocols do not require protection from discovery. Also, the General Assembly did not include policies; procedures, and protocols in the 2011 amendment. The plaintiff is entitled to the policies, procedures, and protocols requested.

Turning now to the employment contracts and agreements requested by the plaintiff, the plaintiff is also entitled to these with any financial agreements or information redacted from the same.

The Court ruled from the bench denying access to information regarding past lawsuits or administrative action against the hospital.